O’Donnell, J.,
dissenting.
{¶ 50} I respectfully dissent from the majority’s finding that Summers’s conduct warrants an actual suspension from the practice of law in Ohio.
{¶ 51} In accord with the board’s recommendation, the majority has ordered that Summers serve an actual six-month suspension from the practice of law and that he be required to return the entire $15,000 fee to the Bells. In determining the appropriate sanction for attorney misconduct, we have explained that “ ‘the primary purpose of disciplinary sanctions is not to punish the offender, but to protect the public.’ ” Disciplinary Counsel v. Fumich, 116 Ohio St.3d 257, 2007-Ohio-6040, 878 N.E.2d 6, ¶ 17, quoting Disciplinary Counsel v. O’Neill, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, ¶ 53.
{¶ 52} I offer no excuses for Summers’s conduct, which arose out of a fee dispute, but in sanctioning that conduct, I would accord greater weight to Summers’s long and distinguished career. He has submitted letters from 6 current and former judges from Ohio municipal (Judge Connally), common pleas (Judges Burnside and Sutula), and appellate (Judge Rogers) courts, the Kentucky Supreme Court (Justice Keller), and the United States District Court for the Northern District of Ohio (Judge Lambros), from 30 attorneys, and from 13 lay people who attest to his integrity, his high moral values, and his excellent reputation in the legal community. They speak of his strong commitment to the legal profession, his participation in a number of professional organizations, and his pro bono work, as well as his hard work and dedication to his clients.
{¶ 53} Based upon these attestations and the facts in this case, I conclude that Summers’s conduct is an isolated incident in an otherwise unblemished 42-year *478 legal career. In my view, an actual suspension from the practice of law is unnecessary to protect the public from future harm, but rather is excessive and punitive in light of the mitigating factors in this case. Therefore, I would impose a six-month suspension, all stayed, on the conditions that Summers commit no further misconduct and submit to fee arbitration to determine the amount of refund, if any, owed to the Bell family.
Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.
Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., Michael L. Close, and Dale D. Cook, for respondent.